**Peyton Lee, OSB No. 164224**
**Assistant Federal Public Defender**
**101 S.W. Main, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-2123**
**Fax:   (503) 326-5524**
**Email: peyton_lee@fd.org**
**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:24CR00343-001 |
| **Plaintiff,** | **MOTION FOR CONTINUANCE OF SENTENCING HEARING** |
| vs. | |
| **ANDY OLIVA-LOPEZ,** | |
| **Defendant.** | |

Andy Oliva-Lopez, through counsel, requests a 60-day continuance of the sentencing hearing currently scheduled for January 17, 2025, on the ground that further information is likely to be available by that time.

## PROCEDURAL POSTURE

Mr. Oliva-Lopez made an initial Rule 5 appearance in District Court in Oregon on January 23, 2024. He was released on pretrial release conditions. He made his initial appearance in District Court in the District of Columbia by video on February 1, 2024. He appeared in person before this Court on September 17, 2024, and pleaded guilty on the first setting for his change of plea. Sentencing was set for January 17, 2025.  No other set overs have been requested. A draft presentence report was filed on December 5, 2024, for which Mr. Oliva-Lopez

**PAGE 1     MOTION FOR CONTINUANCE OF SENTENCING HEARING**

participated in an interview. Sentencing materials are due January 3, 2025, and replies are due January 10, 2025.

## ARGUMENT

The defense requests an extension for 60 days. Counsel for Mr. Oliva-Lopez submits that new information – either factual or regarding recommendations – may result from the changes at the Department of Justice (DOJ) that are likely in a few short weeks.  The DOJ, under different leadership, may have different views on information that is exculpatory or mitigating in this case. In addition, the DOJ may consider different proposed alternatives in this case, including potential pretrial diversion.  USDOJ Manual 9-22.000.

Given the unusual statements from the President-elect regarding this class of cases, to go forward before March 2025 would expend unnecessary resources and limit the full information the Court should have before imposing sentence. *See* 18 U.S.C. § 3661 (No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.).

There is a reasonable expectation that with the change in administration in January 2025, the administration of January 6th criminal cases will change. It is reasonable to expect dismissals – of cases or charged counts – and changes to sentencing recommendations for cases that will proceed.  Mr. Oliva-Lopez is a similarly situated defendant to any other defendant charged because of January 6th whose sentencing hearing, or any other pending criminal proceeding is scheduled after January 20, 2025, when the new administration is in place. Forcing him to proceed to sentencing prior to that time creates a potential sentencing disparity among similarly situated defendants. 18 U.S.C. § 3553(a)(6) ("The court in determining the particular sentence to

be imposed, shall consider…the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

The request for sentencing after a predictable change in legal landscape is analogous to cases finding that counsel provides ineffective assistance by failing to set over a sentencing hearing when a pending change in law would dramatically alter the sentencing recommendation, guideline, or mandatory minimum. *See United States v. Abney*, 812 F.3d 1079, 1082 (D.C. Cir. 2016) (recognizing the harm the defendant suffered when his defense attorney did not move to continue his sentencing in light of the impending change in relevant sentencing law through the passage of the Fair Sentencing Act – "when Presidential approval was imminent and virtually assured" – that would have been favorable to the defendant).

The defense requests a 60-day continuance of Mr. Oliva-Lopez's sentencing date. This would allow the new administration to proceed in his criminal case as it will with any other pending January 6th criminal case. This will permit the Court to receive and consider any new facts or recommendations and avoid any disparities that would result by forcing Mr. Oliva-Lopez to go forward with his sentencing on January 17, 2025.

Mr. Oliva-Lopez has been on pretrial release since January of 2024. He has performed well on pretrial release. There is no harm to anyone involved to delay his sentencing until sometime in March of 2025. Mr. Oliva-Lopez did not seek a set over of his change of plea date, nor has he sought a set over of his sentencing date prior to this request.

Respectfully submitted this 2nd day of January, 2025.

                                          */s/ Peyton Lee*
                                          Peyton Lee
                                          Attorney for Defendant